IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K-BEECH, INC., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE, | : | No. 11-7083 |
| Defendant. | : | |

MEMORANDUM

Schiller, J.                                                                                           January 30, 2012

K-Beech, Inc. brings this action against a single "John Doe" defendant, identified only by his internet protocol ("IP") address, for direct and contributory copyright infringement of a motion picture called *Virgins 4*. The Court granted K-Beech's motion for leave to serve a third-party subpoena on Defendant's internet service provider ("ISP") to identify Defendant's name and contact information. After receiving notice from his ISP, Defendant filed a motion to quash or modify the subpoena, which the Court denied by Order dated January 10, 2012. Currently before the Court is Defendant's motion for reconsideration. For the following reasons, the Court denies the motion.

**I.     BACKGROUND**

K-Beech submitted an application for copyright registration of *Virgins 4* with the U.S. Copyright Office on April 22, 2011. (Compl. ¶¶ 10-11.) Defendant allegedly downloaded and distributed the work through BitTorrent, a peer-to-peer file-sharing technology that allows a "swarm" of users to download and upload pieces of a file from each other simultaneously and reassemble the pieces into a complete copy of the file. (*Id.* ¶¶ 12-33.) K-Beech hired an investigator to identify the IP addresses involved in a swarm that was distributing *Virgins 4* and

determined that Defendant was a participant in the swarm as of May 26, 2011. (*Id.* ¶¶ 34-40.) K-Beech filed this action on November 14, 2011, along with separate actions against other members of the swarm. With the Court's permission, K-Beech then served a third-party subpoena on Defendant's ISP prior to a Rule 26(f) conference to obtain the name and contact information associated with Defendant's IP address. Defendant learned of the subpoena through a letter from his ISP and filed a motion to quash or modify the subpoena, which the Court denied. Defendant now asks the Court to reconsider the denial of his motion in light of a recent opinion from another judge in this District, which held that a pending copyright registration application is insufficient to make out a *prima facie* case of copyright infringement. *See Patrick Collins, Inc. v. Does 1-26*, Civ. A. No. 11-7247, 2011 WL 6934105 (E.D. Pa. Dec. 30, 2011).

**II.     STANDARD OF REVIEW**

A motion for reconsideration seeks to correct manifest errors of law or fact or to present newly discovered evidence. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Such a motion may be granted only if: 1) there has been an intervening change in the controlling law; 2) new evidence has recently become available; or 3) it is necessary to correct a clear error of law or to prevent manifest injustice. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of. *Drysdale*, 153 F. Supp. 2d at 682. Motions for reconsideration are to be granted sparingly. *Cont. Cas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**III. DISCUSSION**

Ordinarily, a party may not seek discovery prior to a Rule 26(f) conference absent a court order. *See* Fed. R. Civ. P. 26(d)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Courts deciding whether to permit a copyright owner to serve a subpoena on an ISP to discover an alleged infringer's true identity "have considered a variety of factors to weigh the need for disclosure against First Amendment interests," including whether there is "a concrete showing of a prima facie claim of actionable harm." *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004). In the motion for reconsideration, Defendant claims that K-Beech failed to show actionable harm because a pending copyright registration application alone does not support a *prima facie* claim of infringement. Defendant relies on the language of 17 U.S.C. § 411(a), which provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."

Courts are split over the interpretation of § 411(a). *Patrick Collins*, 2011 WL 6934105, at *3. Some courts have taken an "application approach," under which a pending copyright registration application is sufficient to satisfy § 411(a), while others have taken a "registration approach," under which a certificate of registration issued by the Copyright Office is a prerequisite to suit. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 615-16 (9th Cir. 2010) (collecting cases). Within this District, judges have reached differing conclusions. *Compare, e.g.*, *Patrick Collins*, 2011 WL 6934105, at *3 (taking registration approach), *with Degginger v. Houghton Mifflin Harcourt Publ'g Co.*, Civ. A. No. 10-3069, 2010 WL 3491358,

at *1 (E.D. Pa. Sept. 2, 2010) (taking application approach).

In *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010), the Supreme Court held "that § 411(a) does not restrict a federal court's subject-matter jurisdiction." *Id.* at 1249. However, the Court expressly "decline[d] to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works." *Id.* Nonetheless, to the extent that courts previously adopted the registration approach under the mistaken view that they lacked subject matter jurisdiction while a registration application was pending, *Muchnick* may increase adoption of the application approach. *See* I Paul Goldstein, Goldstein on Copyright § 3.15 (2011). The Third Circuit has not squarely addressed whether a pending copyright registration application satisfies § 411(a). Though the Third Circuit recently stated that "[a]n action for infringement of a copyright may not be brought until the copyright is registered," it was in reference to a plaintiff who had apparently never attempted to register her copyright. *Dawes-Lloyd v. Publish Am., LLLP*, 441 F. App'x 956, 957 (3d Cir. 2011) (per curiam); *but see Patrick Collins*, 2011 WL 6934105, at *3 (opining that *Dawes-Lloyd* "at least suggests that our circuit will take the registration approach").

While there is no binding precedent on point, the Ninth Circuit's post-*Muchnick* decision in *Cosmetic Ideas*, 606 F.3d 612, is persuasive. *Cosmetic Ideas* involved a copyright owner who sued for infringement while its registration application was pending with the Copyright Office. *Id.* at 614. The Ninth Circuit held this sufficient under § 411(a). *Cosmetic Ideas*, 606 F.3d at 621. The court first considered the text of § 411(a) and 17 U.S.C. § 101 but found no guidance on the interpretation of "registration." *Cosmetic Ideas*, 606 F.3d at 616. The court then turned to the

Copyright Act as a whole and found that its plain language did not clearly support the registration approach or the application approach. *Id.* at 617-18. Because of this ambiguity, the court then looked to the statute's broader context and concluded that the application approach better serves the policies underlying modern copyright law, including the trend toward eliminating formalities that hindered copyright protection. *Id.* at 618-19.

Under the current copyright regime, an expressive work enjoys copyright protection even before registration; registration is merely a prerequisite to bringing an infringement action. *Id.* at 619. Moreover, § 411(a) permits an infringement suit to proceed even if the Copyright Office refuses registration, as long as the Register of Copyrights is notified of the suit. *Cosmetic Ideas*, 606 F.3d at 619. The registration approach thus forces parties to delay filing suit until the Copyright Office has accepted or rejected their registration, even though they will ultimately be able to sue either way. *Id.* at 619-20. This approach could lead to the three-year statute of limitations for copyright infringement actions expiring before the Copyright Office has acted on an application. *Id.* at 620; *see also* 17 U.S.C. § 507(b). This possibility is difficult to reconcile with 17 U.S.C. § 410(d), which provides that, once a copyright registration has been approved, the effective date of registration is the day all necessary application materials were submitted. The application approach avoids unnecessary delay without diminishing the incentive to register. *Cosmetic Ideas*, 606 F.3d at 620.

This Court agrees that the application approach is both permissible under the plain language of the statute and preferable as a matter of public policy. As K-Beech meets the registration requirement of § 411(a), this case is properly before the Court, and the Court will not quash the subpoena served on Defendant's ISP.

## IV.    CONCLUSION

Because K-Beech has satisfied the registration element of its *prima facie* case of copyright infringement, the Court will deny Defendant's motion for reconsideration. An Order consistent with this Memorandum will be docketed separately.